UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICKY BURAS                                                                                         PLAINTIFF

VERSUS                                                                CIVIL ACTION NO. 1:09CV711-RHW

HIGHLAND COMMUNITY HOSPITAL                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Highland Community Hospital's [30] Motion for Summary Judgment.  Also pending before the Court is Plaintiff's [39] Motion for New Discovery, New Material Witness and Affidavit.  This motion appears to be an effort by Plaintiff to present evidence in support of his claims and in response to Defendant's motion for summary judgment.  In a similar fashion, Plaintiff previously filed [36] Motion for Material Fact, which by "Text Only Order" dated July 29, 2010, the Court found to be moot but indicated that it would consider the pleading and exhibits when rendering its decision on the summary judgment motion.  Likewise, the Court will consider the arguments and evidence presented by Plaintiff in his [39] Motion for New Discovery;  however, the Court otherwise finds the motion to be moot.

### Factual Background

Plaintiff, proceeding pro se and in forma pauperis, filed a [1] Complaint on October 8, 2009, alleging that he was denied medical treatment at Highland Community Hospital. The incidents in question appear to have occurred on July 2, 2009, and September 8, 2009.  Plaintiff alleged that he was suffering from an upper respiratory infection but that medical personnel at the Highland Community Hospital impermissibly denied Plaintiff treatment because of his inability to pay.

In its motion for summary judgment, Defendant presents evidence demonstrating that Plaintiff, who was on Medicaid, has presented to the Highland Community Hospital Emergency Department no fewer than 15 times during 2009. At some point, he had exhausted his approved number of hospital or out-patient visits under Medicaid. Consequently, when Plaintiff visited the Highland Community Hospital Emergency Department on June 2, 2009, he was registered as a "self-pay" patient. The triage nurse assessed Plaintiff and determined that his condition was non-urgent. Shirley Page, a certified nurse practitioner, obtained a medical history and examined Plaintiff. Plaintiff requested an antibiotic, but this request was refused based on Page's determination that Buras did not present symptoms of a bacterial infection and was not running a fever. Page discussed Plaintiff's request for an antibiotic with Dr. Ghulma Arain, who agreed that there was no justification for prescribing an antibiotic. In his affidavit, Dr. Arain states that he has reviewed Plaintiff's record and concurs with the assessment that Plaintiff's condition was non-urgent. Dr. Arain further states that Plaintiff received appropriate medical screening and the same standard of medical screening afforded every patient who presents at the Emergency Department of Highland Community Hospital.

Plaintiff again visited the Emergency Department on September 8, 2009, complaining of a cough and congestion. Dr. Ronald Ali assessed Plaintiff and concluded that he had an upper respiratory infection and complaints of neck pain. Dr. Ali prescribed Z-Pak for the respiratory infection and Ultram for complaints of neck pain. Ultram is a non-narcotic, synthetic analgesic pain reliever. According to Dr. Ali, Plaintiff became agitated because he had been prescribed Ultram. A verbal confrontation ensued, during which Plaintiff yelled and made threats. Plaintiff was advised to leave the emergency department or the police would be contacted. Dr. Arain

reviewed the examination and assessment by Dr. Ali and concurred that Plaintiff's condition on September 8, 2009, was non-urgent. Dr. Arain also concurred in the Dr. Ali's plan of care, including the prescriptions of Z-Pak and Ultram. Dr. Ali stated that Plaintiff received appropriate medical screening during his September 8, 2009, visit.

In what the Court has construed as [36, 39] responses to the motion for summary judgment, Plaintiff asserts that he was refused a prescription for antibiotics because of his inability to pay. In support of his response, he offers medical records of his treatment at Highland Community Hospital, as well as a medical record from the North Shore Regional Medical Center dated June 2, 2009. According to the North Shore medical record, Plaintiff was prescribed an antibiotic by medical personnel at the Emergency Department. Plaintiff also presented a statement from Donell Adcox, who indicates that she was at the Highland Community Hospital Emergency Department at the same time as Plaintiff and his family. Adcox states that she heard an unidentified nurse at the Highland Community Hospital refer to Plaintiff's family as a "trashy family".

## Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986). Where the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does no exist as a matter of law, . . . all other contested issues of fact are rendered immaterial. *See Celotex,* 477 U.S. at 323, 106 S. Ct. at 2552." *Topalin v. Ehrman*,

954 F.2d 1125, 1138 (5th Cir. 1992). In making its determinations of fact on a motion for summary judgment, the court must view the evidence submitted by the parties in a light most favorable to the non-moving party. *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of a material fact and the appropriateness of judgment as a matter of law to prevail on his motion. *Union Planters Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982). The movant accomplishes this by informing the court of the basis of its motion, and by identifying portions of the record which highlight the absence of genuine factual issues. *Topalian*, 954 F.2d at 1131. "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burned of demonstrating [entitlement to summary judgment]." *John*, 757 F.2d at 708. Once a properly supported motion for summary judgment is presented, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. Nat'l Broad. Co., Inc.,* 584 F.2d 111, 114 (5th Cir. 1978).

Although he does not cite to the statute in his complaint, Plaintiff in essence has asserted a claim under the Emergency Medical Treatment and Active Labor Act (EMTALA). Congress enacted EMTALA to prevent patient dumping, which is the practice of refusing to treat patients who are unable to pay. *Marshall v. East Carroll Parish Hosp.*, 134 F.3d 319, 322 (5th Cir. 1998). The act requires participating hospitals to give the following care to an individual who is presented for emergency medical care: (1) an appropriate medical screening; (2) stabilization of a known emergency medical condition; and (3) restrictions on transfer of an unstabilized individual to another medical facility. *See* 42 U.S.C. §§ 1395dd(a)-(c). Any EMTALA violation by a physician is considered by extension also a violation by the hospital. *See Burditt v. U.S.*

*Dep't of Health & Human Services*, 934 F.2d 1362, 1374 (5th Cir. 1991).

An appropriate medical screening is determined by whether it was performed equitably in comparison to other patients with similar symptoms and not by its proficiency in accurately diagnosing the patient's illness. *Marshall*, 134 F.3d at 322. Nor is a hospital's liability based on whether the physician misdiagnosed the medical condition or failed to adhere to the appropriate standard of care. *See id.* Rather, the plaintiff must show that the hospital treated him differently from other patients with similar symptoms. *Id.* at 324. Evidence that a hospital did not follow its own screening procedures can support a finding of EMTALA liability for disparate treatment. *Battle v. Memorial Hospital at Gulfport*, 228 F.3d 544, 558 (5th Cir. 2000).

Defendant has presented summary judgment evidence that Plaintiff did not suffer from a an urgent or emergency condition on either June 2 or September 8, 2009. Moreover, Drs. Arain and Ali opine that Plaintiff received appropriate and standard medical screening of his condition on both June 2 and September 8, 2009.

Plaintiff's primary complaint appears to be that he was not prescribed the antibiotic of his preference. At most, Plaintiff has alleged that he disagrees with the type and extent of treatment he received. He does not allege that the medical examination was different from other patients with similar symptoms. Nor does Plaintiff allege or present any evidence to counter the affidavits of Drs. Ali and Arain who concluded that the examination and treatment were standard and appropriate. Plaintiff's identification of hearsay evidence that an unidentified member of the Highland Community Hospital staff referred to his family as a "trashy family" does not constitute relevant, competent, or material summary judgment evidence on the issue of whether Plaintiff received an appropriate medical examination. Furthermore, the mere fact that a physician at

another hospital prescribed an antibiotic for Plaintiff on June 2, 2009, the same day that medical personnel declined to prescribe an antibiotic for Plaintiff's respiratory complaints, does not establish a claim under EMTALA.  Such evidence addresses the diagnosis and course of treatment for Plaintiff's condition, but it does not demonstrate either that he had an emergency condition or that his medical treatment was different from that of other patients with a similar condition at Highland Community Hospital.  In fact, on September 8, 2009, Plaintiff was prescribed Z-pak for treatment of his upper respiratory condition.  As discussed previously, for purposes of EMTALA liability, whether the physician misdiagnosed a condition or did not adhere to the appropriate standard of care in treating a condition is irrelevant.  EMTALA is not designed to operate as a federal medical malpractice statute.  *See Marshall*, 134 F.3d at 322.

Based on the foregoing, the Court finds that there is no genuine issue of material fact to support the claims in Plaintiff's complaint.  Accordingly, IT IS ORDERED AND ADJUDGED that Defendant's [30] Motion for Summary Judgment is GRANTED, and Plaintiff's complaint is dismissed with prejudice.  IT IS FURTHER ORDERED that Plaintiff's [39] Motion for New Discovery is found to be MOOT.

SO ORDERED, this the 4th day of October, 2010.

s/ *Robert H. Walker*  
UNITED STATES MAGISTRATE JUDGE